IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**KENNY SIMS,**                                                                                                           **Plaintiff**

v.                                                                                            No. 1:04CV385-GHD-EMB

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**                                **Defendant**

## REPORT AND RECOMMENDATION

Plaintiff Kenney R. Sims seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of Social Security Administration (the "Commissioner"), which denied his claim for Disability Income Benefits under Title II of the Act. The matter has been assigned to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation. Having fully considered the record of this case and the applicable law, I find and recommend as follows.

### Procedural History

Plaintiff filed an application for disability benefits under Title II on November 19, 2002, alleging a disability onset date of November 4, 2002. (Tr. 12, 53). His application was denied initially and on reconsideration, and a request for hearing was timely filed. (Tr. 12, 31, 36). In a hearing decision dated July 26, 2004, an administrative law judge ("ALJ") found plaintiff was not disabled as defined in the Act at any time when he met the earnings requirements of the law. (Tr. 12-18). The ALJ's hearing decision became perfected as the final decision of the Commissioner when Appeals Council denied Plaintiff's request for review on October 6, 2004. (Tr. 4-7). The ALJ's final hearing decision is now ripe for review under section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

**Statement of Facts**

Plaintiff was 42 years of age at the time of the hearing decision on July 26, 2004. (Tr. 12). He completed the 10th grade. (Tr. 12). His past work included employment as an upholsterer and a janitor. (Tr. 12, 196). He was five-feet and eleven inches tall and weighed between 290 and 300 pounds. (Tr. 171). Plaintiff alleged that he could no longer work due to severe pain, muscle weakness, swelling, diabetes, hypertension, post-status bilateral carpal tunnel release, and sleep apnea. (Tr. 12, 36). However, after a review and evaluation of the medical evidence of record, the subjective testimony at the hearing, (Tr. 165-95), and the testimony of a vocational expert, (Tr. 195-99), the ALJ found plaintiff not disabled. (Tr. 18). Contrary to plaintiff's allegation of disability, the ALJ found that he had the residual functional capacity ("RFC") to perform the full range of sedentary work activity. (Tr. 18, Finding No. 12).

**Standard of Review**

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

**Law**

To be considered disabled and eligible for benefits, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[1] *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236

---

[1]The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id.* §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id.* §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id.* §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are

(5th Cir. 1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If he successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id*.; *accord Selders*, 914 F.2d at 618.

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

**Analysis**

Having thoroughly reviewed the record of this case, I find the ALJ's findings and

---

considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

conclusions are supported by substantial evidence; and the Commissioner's decision should be affirmed.

The ALJ followed the five-step sequential evaluation process. Plaintiff met his burden at step one, so I will proceed to step two.

At step two, the ALJ determined plaintiff's obesity, status post-carpal tunnel release of the right wrist and weakness in the lower extremities as severe impairments. (Tr. 14). However, the ALJ found plaintiff's hypertension, diabetes and sleep apnea produced no functional limitations and were not severe within the meaning of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). I agree with the ALJ that plaintiff's sleep apnea and hypertension were not severe conditions. Plaintiff visited a sleep lab on at least two occasions in 2002, and tests revealed he had a good response to use of CPAP. (Tr. 116-117, 119-120). Furthermore, plaintiff testified that he slept "pretty good" at night. (Tr. 193). The evidence indicates plaintiff responded well to treatment and there is no record that he suffered from any limitations due to his sleep apnea.

As concerns plaintiff's hypertension, the record indicates it was uncontrolled. (Tr. 110). However, plaintiff testified he was not taking his prescribed medication because he could not afford it. (Tr. 179). Nonetheless, medical records indicate plaintiff had no severe limitations associated with his hypertension. Results of a chest X-ray done in March 2002 revealed a normal heart, and a heart catheterization done in September 2003 was normal. (Tr. 136, 155). Inability to pay for medical treatment is a crucial issue only if the ALJ determines that (1) an impairment is disabling, (2) treatment of the impairment is expected to restore ability to work, and (3) the claimant has failed to follow the prescribed treatment. Under those circumstances, inability to pay for prescribed treatment, combined with absence of free community resources, constitutes a justifiable reason for failure to follow treatment. Soc. Sec. R. 82-59 (1982), 1982 WL 31384, at

*1. *See also Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir.2001); *Roberts v. Shalala*, 66 F.3d 179, 183 (9th Cir.1995). Plaintiff's inability to pay for his medication in this case is not a critical issue because the evidence indicates he was not disabled.

However, I do not agree that plaintiff's diabetes was not a severe condition. An evaluation of plaintiff done by Dr. Kelsey Logan on March 6, 2004, indicates that plaintiff's uncontrolled diabetes resulted in peripheral neuropathy and renal insufficiency. (Tr. 158). Despite this, however, I find that this error is harmless in light of the fact that the ALJ's determination of plaintiff's RFC, as set out below, is largely based upon Dr. Logan's assessment of plaintiff's overall condition.

Next, at step three, the ALJ determined that plaintiff's severe impairments neither alone nor in combination met or equaled any listed impairment. (Tr. 170). I find that even considering plaintiff's diabetes along with those other severe impairments found by the ALJ, the result is the same; and the sequential evaluation process should have continued to step four.

At step four, the ALJ determined plaintiff retained the RFC for sedentary work. (Tr. 150). I find the ALJ's RFC determination was in line with the Medical Source Statements of plaintiff's main treating physician, Dr. Lance Busch, (Tr. 152-154), and of Dr. Logan, (Tr. 160-163). Additionally, the ALJ's RFC determination incorporated plaintiff's complaints of continued right wrist and hand pain. (Tr. 138-140). The ALJ rightfully rejected plaintiff's complaints of disabling pain, to the extent it was inconsistent with the objective medical evidence. (Tr. 15). Indeed plaintiff testified he was in constant pain. (Tr. 186-87). However, he also testified and the record indicated that he had not been prescribed any prescription strength pain medication. (Tr. 187).

Next, with the help of a vocational expert, the ALJ determined plaintiff could not return

to his past work which was classified at the medium strength and exertional level. (Tr. 196-97). The ALJ determined however, that plaintiff could perform other work which existed in the national economy given his RFC, age and work experience. (Tr. 16, 197-99). I find the ALJ correctly relied on the Medical-Vocational Guidelines and the opinion of the vocational expert in determining plaintiff could perform other work. And, because there is no evidence in this record that plaintiff presented any proof that he could not perform the sedentary jobs that were noted by the vocational expert, I find the ALJ's determination of no disability was supported by substantial evidence.

### **Recommendation**

For the aforementioned reasons, it is recommended that the decision of the Commissioner be affirmed.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**RESPECTFULLY SUBMITTED** this, the 8th day of March, 2006.

/s/ Eugene M. Bogen
**UNITED STATES MAGISTRATE JUDGE**